# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA,
## RICHMOND DIVISION

CITIZENS INSURANCE COMPANY OF
AMERICA, as subrogee of W.J. VAKOS
MANAGEMENT COMPANY, affiliates
and any entity that has received, directly or
indirectly, benefits under Policy Number
ZZR7254821-18,

               Plaintiffs,

v.

CENTRAL VIRGINIA FIRE
PROTECTION LLC,

               Defendant.

Case No.: 3:20-CV-699

## COMPLAINT

Plaintiff, Citizens Insurance Company of America, as subrogee of W.J. Vakos Management Company, affiliates and any entity that has received, directly or indirectly, benefits under Policy Number ZZR7254821-18, by counsel, hereby brings this action against Defendant, Central Virginia Fire Protection LLC, and by way of complaint, alleges as follows:

## PARTIES

1. Citizens Insurance Company of America (hereinafter "Citizens") is a corporation organized and existing under the laws of State of Michigan with its principal place of business located at 440 Lincoln Street, Worcester, Massachusetts 01653-0002.

2. At all times relevant hereto, Citizens was licensed to transact business and authorized to issue policies of insurance in the Commonwealth of Virginia.

3. At all times relevant hereto, Citizens provided property insurance coverage to W.J. Vakos Management Company (hereinafter "W.J. Vakos"), located at 9100 Old Battlefield Boulevard, Spotsylvania, VA 22553 (the "Subject Property").

4. At all times relevant hereto, Plaintiffs provided insurance to the W.J. Vakos under Policy No. ZZR7254821-18.

5. Defendant, Central Virginia Fire Protection LLC ("Central Virginia") is a corporation duly organized and existing under the laws of the State of Maryland, with its principal place of business located at 7700 Pinehurst Lane, Spotsylvania, VA 22551.

6. Central Virginia was involved in the business of designing, manufacturing, distributing, selling, assembling, installing, testing, inspecting, servicing and/or maintaining fire protection systems.

## VENUE AND JURISDICTION

7. That jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1332(a)(1) in that this action is between citizens of different states, and in that the matter in controversy exceeds the sum or value of Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs. Venue is proper in this Court in that the alleged incident which gives rise to this Action occurred in Spotsylvania County, Virginia.

## STATEMENT OF FACTS

8. Plaintiff incorporates the foregoing paragraphs by reference as though fully set forth herein.

9. The Subject Property's dry fire suppression system (the "Fire Suppression System") was installed in 2018 by Central Virginia and the work was completed during warm weather.

10. The Fire Suppression System is of the type known as a "dry system," which means it is not constantly filled with water.

11. A dry system, unlike a "wet system," must be drained of all water after installation and testing so as to prevent failure.

12. After Central Virginia installed and released the system in 2018, no other contractor touched or serviced the system.

13. No service was needed between Central Virginia installing, testing, and inspecting the system in 2018 and the date the system failed on January 22, 2019.

14. On January 22, 2019, the dry fire suppression system failed when water within it froze, expanded, and fractured the system's drain pipe at a coupling joint.

15. There should have been no water within the Fire Suppression System on January 22, 2019.

16. On January 24, 2019, Central Virginia opined that the loss was caused by water being left inside the dry system piping, which froze, and then fractured the piping.

17. Plaintiff retained an independent engineer specializing in fire suppression systems to determine the cause of the system failure.

18. Plaintiff's engineer confirmed that the system failed because of water that was left inside the piping, which froze during freezing temperatures in January 2019 and then ruptured a coupling joint. The ruptured coupling joint was located in an unheated space. Water was trapped in the dry system because Central Virginia failed to fully drain the system after its last flow test during installation.

19. Central Virginia failed to drain water from the system due to installation and testing defects by Central Virginia. These defects included Central Virginia installing the pipe that

ultimately froze and fractured in an unheated space, rather than in a heated area just a few feet away, as well as failing to pitch the system's piping in accordance with National Fire Protection Association ("NFPA") requirements.

20. In installing and testing the building's fire suppression system, Central Virginia breached NFPA and industry standards, causing the system's failure.

21. As a result of Central Virginia's negligence and the resulting water loss at the Subject Property, W.J. Vakos suffered damages to its real and business property in an amount totaling $149,339.24, of which a first-party claim to Citizens was submitted and paid under the policy of insurance.

22. By reason of its payments made to or on behalf of W.J. Vakos and any affiliated entity, and by operation of law, the Plaintiff is now subrogated to any and all rights and remedies of W.J. Vakos, to the extent of the payments made thereto.

## COUNT I – NEGLIGENCE

23. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth herein.

24. Defendant owed a duty of reasonable care to W.J. Vakos to design, install, inspect and test the fire suppression system in a safe, professional, careful, and workmanlike manner.

25. Defendant, acting by and through its agents, servants, employees, and/or other representatives, each of whom was working in the course of employment and within the scope of their authority with Defendant, breached its duty of care.

26. Defendant breached its duty of care and was negligent in one or more of the following ways, but not limited to:

    (a) Failing to install the auxiliary drain in a heated, conditioned space;

    (b) Failing to drain the dry fire suppression system of all water;

(c) Failing to pitch the piping of the dry fire suppression system;

(d) Failing to wait the requisite amount of time to allow the dry fire suppression system to fully drain of all water;

(e) Failing to instruct the building on service requirements for the dry fire suppression system;

(f) Failing to label the subject drain;

(g) Failing to provide the building with an owner's manual, design drawings, and other materials;

(h) Failing to adhere to NFPA and industry standards;

(i) Failing to install and test the fire suppression system so as to prevent a freeze failure from occurring;

(j) Failing to design and/or install the fire suppression system in a good and workmanlike manner so as not to result in water damage to the subject property;

(k) Failing to ensure that the fire suppression system was properly installed so as not to cause water damage during normal and expected use;

(l) Failing to select competent and skilled employees to properly perform the installation and testing of the fire suppression system;

(m) Failing to provide adequate training to its agents, servants, employees and/or other designees to perform the installation of the fire suppression system;

(n) Failing to properly and adequately inspect and test the fire suppression system upon installation to avoid creating an unreasonable and foreseeable risk of harm to the Subject Property;

(o) Failing to follow proper, adequate and accepted practices when installing the fire suppression system; and

(p) Failing to install the fire suppression system in a safe, professional, careful, and workmanlike manner as would customarily be brought to such work by an ordinary and prudent person engaged in providing installation services.

27. As a direct and proximate result of the negligent acts and/or omissions of Defendant, W.J. Vakos sustained water damage to its real and business property in the amount of $149,339.24.

28. By reason of its payments made to or on behalf of W.J. Vakos, and by operation of law, the Plaintiffs are now subrogated to any and all rights and remedies of W.J. Vakos.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant in the amount of $149,339.24, together with costs, attorney's fees, and such other relief as this Court may deem just and appropriate.

## COUNT II – BREACH OF CONTRACT

29. Plaintiffs incorporate by reference the allegations in the preceding paragraphs, as if fully set forth at length herein.

30. Pursuant to the contract with Defendant, for good and valuable consideration, Defendant agreed to design, install, and test the installation of the project at the loss location according to product specifications and NFPA and industry standards.

31. Defendant owed a duty to W.J. Vakos to perform its contractual services in a good, professional, and workmanlike manner free from defects.

32. Defendant by and through its agents, employees, servants, representatives, subcontractors, subagents, and/or workmen, acting in the course and scope of their employments,

breached its contract(s) with W.J. Vakos through one or more of the aforementioned acts or omissions.

33. The acts and/or omissions of Defendant were the direct and proximate cause of the damages and expenses suffered by W.J. Vakos.

34. As a direct and proximate result of Defendant's breach of contract, by and through its agents, servants, employees and/or designees, all acting within the course, scope and authority of their employment, W.J. Vakos suffered substantial damage to its real and personal property in the amount of $149,339.24.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant in the amount in of $149,339.24, together with costs, attorney's fees, and such other relief as this Court may deem just and appropriate.

## **COUNT III – BREACH OF WARRANTIES**

35. Plaintiff incorporates the foregoing paragraphs by reference as though more fully set forth herein.

36. In undertaking to perform construction services, including the installation of the building's dry fire suppression system, Defendant expressly and/or impliedly warranted that the work and materials provided would conform to generally accepted standards of workmanship and that the work was free of defects.

37. The dry fire suppression system was not installed and turned over in a manner that conformed to the generally accepted standards of workmanship and was not free of defect.

38. As a direct and proximate result of Defendant's breach of their warranties, W.J. Vakos sustained water damage to its real and business property in the amount of $149,339.24.

39. By reason of its payments made to or on behalf of W.J. Vakos, and by operation of law, the Plaintiff is now subrogated to any and all rights and remedies of W.J. Vakos.

7

WHEREFORE, the Plaintiff hereby demands judgment against the Defendant, in the amount of $149,339.24, together with costs, attorney's fees, and such other relief as this Court may deem just and appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

By Counsel,

Dated: September 8, 2020

\_\_\_/s/_____
William W. Tunner, Esq.
VSB No.: 38358
ThompsonMcMullan, P.C.
100 Shockoe Slip, 3rd Floor
Richmond, VA 23219
Phone (804) 698-6205
Fax: (804) 780-1813
wtunner@t-mlaw.com
*Attorneys for Plaintiff*

Of Counsel:

Michael DeBona, Esquire
White and Williams LLP
1650 Market Street, Suite 1800
Philadelphia, PA 19103
Phone: (215) 864-7129
Email: debonam@whiteandwilliams.com